LOUIS I. MICHELMAN *vs.* FRED E. ATHERTON & another.

Franklin. September 16, 1925. — October 15, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Deceit.*

At the trial of an action for deceit in falsely representing to the plaintiff that the basement of premises being sold by the defendant to the plaintiff was rented for $50 per month, where there was evidence that $50 was the rent of the basement, it was proper to admit evidence offered by the defendant that the tenant agreed further to change automobile tires for the defendant in exchange for heat, light and power furnished to him by the defendant, and it was proper for the judge to charge the jury in substance that it was for them to determine on all the evidence whether such evidence was to be believed and whether the service in changing tires was to offset heat, light and power, with a view to determining "whether the statement was true that the place was rented . . . for $50, having in mind that a basement is a basement, that a basement does not mean basement plus light, heat, power, and so on."

TORT for deceit. Writ dated February 14, 1924.

In the Superior Court, the action was tried before *Fosdick*, J. It appeared that the defendants had agreed in writ-

ing to sell certain real estate to the plaintiff and that in the agreement it was provided that the defendants did "state and represent that said premises are rented to the following persons at the following rentals: . . . basement to one LeMaire $50.00 per month . . . ."

At the trial, the plaintiff excepted to evidence of a conversation between the tenant LeMaire and the defendant Fred E. Atherton relating to arrangements for changing tires by LeMaire for the defendants without charge and the furnishing therefor to him by the defendants of light, heat and power. The trial judge, subject to exceptions by the plaintiff, charged the jury as follows:

"With reference to the rental value of the basement, the arrangement or understanding, if there was such, between the defendants and Mr. LeMaire you have a right to consider all that you believe to be true about the doings and course of dealings between Mr. LeMaire and the defendants. That is, whether it is true or not that the basement alone was rented for $50 and that the services in changing tires and what not done by Mr. LeMaire for the defendants offset the light, heat, power and so on, you can consider that. You want to get at what the truth is. You are here in court to get at the truth. So when you get at this thing, dig in and find out what the real truth is as to the relationships between the parties and see whether the statement was true that the place was rented to Mr. LeMaire for $50, having in mind that a basement is a basement, that a basement does not mean basement plus light, heat, power, and so on."

The jury found for the defendants. The plaintiff alleged exceptions.

*C. Fairhurst*, (*W. A. Davenport* with him,) for the plaintiff.

*J. T. Bartlett*, (*P. H. Ball* with him,) for the defendants.

CROSBY, J. This is an action to recover damages for an alleged false representation made by the defendants to the plaintiff in a written agreement, in which the defendants were to sell and the plaintiff to buy certain real estate. The alleged false representation is that the basement of the building on the premises was rented to one LeMaire for $50 per month.

The basement was rented to LeMaire by the defendants about April 4, 1923, and was occupied by him until the following December. During his occupancy, there was certain machinery in the basement owned by the defendants which the tenant used in connection with his vulcanizing business; and the defendants also furnished him light, heat and power used in connection with his business. The defendants occupied a store in the building where automobile tires and other merchandise were sold.

The defendant Fred E. Atherton, his bookkeeper, and LeMaire, each testified that the rent of the basement was $50 a month and that that amount was paid by LeMaire. There was also evidence to show that the tenant agreed to change automobile tires for the defendants and that such services were to offset the light, heat, power and machinery furnished by the defendants. Although Atherton testified on cross-examination that the $50 rental of the basement included light, heat, power and machinery, the jury were not required to credit that evidence, but could have believed his previous testimony that the rent agreed upon and actually paid was $50 a month. The agreement shows that what was rented was the basement and that nothing else was included.

Upon all the evidence and the rational inferences to be drawn therefrom, the jury were warranted in finding that the light, heat, power and machinery furnished were outside the written agreement, and were paid for by the tenant by services rendered in changing tires. Upon the jury so finding there would be no evidence to show that the representation that the basement was rented for $50 a month was false. The presiding judge, under appropriate instructions, left it to the jury to determine whether the basement alone was rented for $50 per month, and whether the services rendered by the tenant were agreed to be in payment for what was furnished by the defendants apart from the occupancy of the basement. We find no reversible error.

*Exceptions overruled.*